(35 App. Div. 285.)

## In re DARMSTADT.

(Supreme Court, Appellate Division, Second Department. December 6, 1898.)

ATTORNEYS—DISBARMENT—DEFENSES—STATUTORY REGULATIONS.

Laws 1890, c. 528, amending Code Civ. Proc. § 67, providing that an attorney may be suspended from practice on being convicted of deceit, malpractice, crime, or misdemeanor, by adding that, on presentation to the supreme court of an exemplified copy of a judgment convicting an attorney of felony, his name shall be stricken from the roll, is prospective, and does not govern proceedings instituted after its passage to disbar an attorney for a conviction had before its adoption.

Disbarment proceedings against Anthony Darmstadt, an attorney at law. Referred to a referee to take proofs.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Thomas Young, for petitioner.
George G. Reynolds, opposed.

PER CURIAM. We think that this application must be determined under the law as it existed when the respondent was convicted, instead of under the law as since amended. The subsequent amendments to section 67 of the Code of Civil Procedure were prospective, only, in their operation, and cannot be deemed to relate to a prior conviction. At the time when the respondent was convicted, in 1887, that section read as follows:

"An attorney or counsellor, who is guilty of any deceit, malpractice, crime or misdemeanor, may be suspended from practice, or removed from office, by the supreme court at a general term thereof."

Under this provision a convicted attorney might show, if he could, that the crime of which he had been found guilty was an offense involving no moral turpitude, or any other circumstance indicating that the fact of conviction should not alone and of itself be deemed sufficient cause for his removal from office. We think that the respondent in the present proceeding has the same right; and, to the end that he may furnish such proof of this character as exists, the matter will be referred to a referee, to take testimony and report to this court.

Proceeding referred to Herbert T. Ketcham, Esq., to take proof as to the circumstances attending the conviction of the respondent, and as to his subsequent conduct, and report the same to this court, with the opinion of said referee thereon.